## CONTINUATION OF APPLICATION FOR A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Daniel E. Gwyn, being duly sworn, depose and state as follows:

**INTRODUCTION, AGENT BACKGROUND, AND PURPOSE OF THE WARRANT**

1.  The facts of this case, as more fully detailed below, reveal that Enrique LOPEZ-Mejia, a native and citizen of Guatemala, was previously removed from the United States, subsequent to a conviction for Illegal Reentry After Deportation, and later reentered the United States without permission on an unknown date at an unknown location. In addition, during his arrest on December 3, 2025, he forcibly resisted and assaulted a federal deportation officer, resulting in bodily injury to the officer.

2.  I am familiar with the information contained in this continuation based upon the investigation I have conducted and based on information provided to me by other law enforcement officers.

3.  The facts in this continuation come from my personal observations, my training and experience, and information obtained from other agents and witnesses. I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause.

4.  I am a Special Agent (SA) with the Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (U.S. ICE), Homeland Security Investigations (HSI), and I am assigned to the Grand Rapids, Michigan office. I began my career in 1994 as an Immigration Inspector with the U.S. Immigration and Naturalization Service (U.S. INS). In 1998, I became a Special Agent with U.S. INS.

Then in 2003, I became a Special Agent with U.S. ICE. In 2023, I retired from U.S. ICE but was re-hired in September 2025. I am responsible for the investigation of both criminal and administrative violations of the customs and immigration laws of the United States, and one of these violations is the reentry of removed aliens.

5.      This continuation contains information necessary to support a finding of probable cause to charge Enrique LOPEZ-Mejia for a violation of 8 U.S.C. § 1326(a) and (b)(1), which makes it a crime for any alien that has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal, is outstanding, subsequent to a felony conviction, and thereafter enters, or is at any time found in, the United States without consent from the Attorney General or the Secretary of Homeland Security prior to reentering or applying for readmission to the United States, and a violation of 18 U.S.C. § 111(a)(1) and (b), which makes it a crime to forcibly assault or resist a federal law enforcement officer and inflict bodily injury while he is in the performance of his official duties.

## FACTS ESTABLISHING PROBABLE CAUSE

6.      Enrique LOPEZ-Mejia has been removed from the United States to Mexico on six occasions: May 26, 2005, June 5, 2005, May 5, 2006, May 11, 2006, January 24, 2009, and April 16, 2010, and Guatemala on one occasion: January 20, 2016. Prior to each removal, he was provided notice of the requirement that he obtain consent from the Attorney General or the Secretary of Homeland Security prior to reentering or applying for readmission to the United States. A search of his alien administrative file

showed no such application or authorization. A search of DHS electronic databases also did not reveal any applications for permission to reenter or to apply for readmission.

7. On July 29, 2008, Enrique LOPEZ-Mejia was convicted and sentenced in the United States District Court, Middle District of Florida, Orlando Division for the offense of Illegal Reentry After Deportation, in violation of 8 U.S.C. § 1326(a) and (b)(4). Enrique LOPEZ-Mejia was sentenced to an incarceration term of 152 days and three years of supervised release. He was thereafter removed to Mexico on January 24, 2009.

8. On April 15, 2010, Enrique LOPEZ-Mejia was convicted and sentenced in the United States District Court, District of Arizona for the offense of Re-entry of Removed Alien, in violation of 8 U.S.C. § 1326(a), (b)(1). Enrique LOPEZ-Mejia was sentenced to an incarceration term of eighteen (18) months and three years of supervised release. He was thereafter removed to Mexico on April 16, 2010.

9. On May 7, 2013, Enrique LOPEZ-Mejia was convicted and sentenced in the United States District Court, Southern District of Florida, Fort Pierce Division for the offense of Illegal Reentry After Deportation, in violation of 8 U.S.C. § 1326(a), (b)(1). Enrique LOPEZ-Mejia was sentenced to an incarceration term of twenty-seven (27) months and three years of supervised release. On May 7, 2013, Enrique LOPEZ-Mejia was also sentenced to a second incarceration term of twelve (12) months to be served consecutively for violating the terms of his supervised release from the Arizona case. He was thereafter removed to Guatemala on January 20, 2016.

10. On December 3, 2025, the Grand Rapids Enforcement and Removal

Operations (ERO) Field Operations team were conducting surveillance in the vicinity of 1009 Sheridan Avenue in Grand Rapids in search of a criminal alien allegedly residing there. At approximately 6:10 a.m., ERO Officers observed multiple male subjects leave the residence at 1009 Sheridan Avenue in a white-colored Ford Econoline. At approximately 6:20 a.m., the ERO Officers conducted a vehicle stop on the white-colored Ford Econoline. The driver of the vehicle, later identified as LOPEZ-Mejia, attempted to evade the ERO Officers by swerving lanes and abruptly turning down a side street. Upon turning on to Muriel Street in Wyoming, Michigan, the vehicle came to sudden stop, and four adult males ran from the vehicle. ERO Officers arrested two of the males one of which was later identified as Enrique LOPEZ-Mejia. Before being subdued, LOPEZ-Mejia forcibly resisted arrest by pushing a deportation officer, inflicting an injury to his knee.

11. Enrique LOPEZ-Mejia was transported back to the Grand Rapids ERO office where his fingerprints were run and were determined to match those of the Enrique LOPEZ-Mejia who had been previously removed to Mexico on six prior occasions, Guatemala on one prior occasion, and convicted of Illegal Reentry After Deportation on three prior occasions.

12. Based on my training and experience as a Special Agent for HSI, and the information contained in this continuation, I submit that probable cause exists to believe that Enrique LOPEZ-Mejia has reentered the United States and is currently incarcerated in Baldwin, Michigan after removal subsequent to a conviction for Alien Felon Reentry without the permission of the Attorney General or Secretary of

Homeland Security, in violation of 8 U.S.C. § 1326(a), (b)(1), and that he forcibly assaulted and injured a federal law enforcement officer, in violation of 18 U.S.C. § 111 (a)(1), (b).